# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-CP-00910-COA

**DERRICK RANDLE A/K/A DERRICK COX**                    APPELLANT

**v.**

**STATE OF MISSISSIPPI**                                        APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 01/11/2013 |
| TRIAL JUDGE: | HON. JANNIE M. LEWIS |
| COURT FROM WHICH APPEALED: | HOLMES COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | DERRICK RANDLE (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: SCOTT STUART |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | DENIED MOTION FOR POST-CONVICTION RELIEF |
| DISPOSITION: | APPEAL DISMISSED - 11/18/2014 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE IRVING, P.J., FAIR AND JAMES, JJ.**

**IRVING, P.J., FOR THE COURT:**

¶1.     Randle appeals the dismissal of his post-conviction-relief (PCR) motion by the Circuit Court of Holmes County. Randle appeals and raises two issues: (1) whether the circuit court erred in using the same facts at two different revocation hearings and (2) whether the circuit court erred in revoking his suspended sentence in a case for which he claims he had not started serving the post-release-supervision (PRS) portion of that sentence. As will be explained further, we dismiss Randle's appeal as untimely.

FACTS

¶2.    On February 5, 2008, Randle entered pleas of guilty to burglary of a commercial building in cause number 11,827 and to receiving stolen property in cause number 11,821. The circuit court sentenced Randle to concurrent terms of five years in the custody of the Mississippi Department of Corrections (MDOC), with two years to serve and three years on PRS.

¶3.    On September 22, 2010, following a revocation hearing, the circuit court modified Randle's probation in cause numbers 11,821 and 11,827 and ordered Randle to complete a restitution program. Randle was also ordered to pay court costs, attorney's fees, and all moneys in arrears.

¶4.    On October 1, 2010, Randle entered a plea of guilty to business burglary in cause number 10-0046. The circuit court sentenced Randle to five years in the custody of MDOC, with six months to serve, credit for time already served, and thereafter four and one-half years on PRS. The court also ordered Randle to pay restitution, attorney's fees, and court costs in cause number 10-0046 while completing the restitution program in cause numbers 11,821 and 11,827.

¶5.    On February 11, 2011, at a revocation hearing in all three cause numbers, the State presented Dewayne Montgomery, a parole officer, who testified that Randle had failed to comply with the rules of the restitution program by disobeying staff, being loud and boisterous, and being charged with disorderly conduct and public drunkenness by the Leake County Sheriff's Department on February 1, 2011. The circuit court ordered that Randle be

2

transferred to another restitution center.

¶6. On March 22, 2011, the circuit court held a second revocation hearing in all three cause numbers. The State presented Al Jobe, a parole officer, who testified that Randle became aggressive towards Officer Montgomery and Sergeant Van Mayberry during the attempt to transfer Randle to the new restitution center. The court revoked Randle's probation in all three cause numbers.

¶7. On November 29, 2012, Randle filed his PCR motion, which was summarily denied by the circuit court on January 11, 2013. However, Randle did not attempt to appeal until July 8, 2013, and even then, he did not appeal the circuit court's January 11, 2013 order. Instead, as we explain later in this opinion, he appealed the circuit court's response to his petition for a writ of mandamus that he filed with the Mississippi Supreme Court.

DISCUSSION

¶8. As noted, the judgment from which Randle attempted to appeal was rendered on January 11, 2013. Rather than filing a timely appeal, Randle filed a petition for a writ of mandamus with the Mississippi Supreme Court on May 31, 2013, seeking an order compelling the circuit court to rule on his PCR motion filed on November 29, 2012. After the circuit court's response to the petition for a writ of mandamus on June 20, 2013, advising the supreme court that Randle's PCR motion had been decided January 11, 2013, the supreme court dismissed Randle's petition for a writ of mandamus as moot.

¶9. As stated, Randle filed the instant appeal on July 8, 2013. Interestingly, Randle's notice of appeal states that he is appealing the circuit court's order of June 20, 2013. As

3

noted, on June 20, 2013, the circuit court filed a response to Randle's petition for a writ of mandamus, not an order. Therefore, there is not an order on that date to appeal from. To the extent that Randle seeks to appeal from the order of the circuit court entered on January 11, 2013, it is obvious that he is much too late, as his notice of appeal was filed well beyond the thirty days permitted by Rule 4(a) of the Mississippi Rules of Appellate Procedure. He has not sought an out-of-time appeal, and one has not been granted. Accordingly, we find that this appeal must be dismissed for lack of jurisdiction.

¶10.    **THIS APPEAL IS DISMISSED FOR LACK OF JURISDICTION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HOLMES COUNTY.**

**LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.**